*BROWN *against* RICKETTS and others.

Copies of affidavits to support a special motion or petition, must be served
on the solicitor of the opposite party, with notice of the motion.

Leave to withdraw the replication, for the purpose of excepting to the
answer, is not allowed, unless for special cause clearly shown, and sat-
isfactorily accounting for the neglect of the plaintiff. Where three
months had elapsed from the time of filing the answer, and no good
cause shown for the delay, the application was refused.

But if the plaintiff wishes to withdraw the replication, merely for the pur-
pose of setting the cause down for a hearing on the bill and answer, it
seems the motion will be granted.

A replication cannot be withdrawn for the purpose of amending the bill,
unless the plaintiff shows the materiality of the amendments, and why
the matter proposed to be introduced as amendment, was not before
stated in the bill.

*April 9th.*　　BILL for a legacy, filed the 3d of *October* last. The de-
fendants put in their answer the 13th of *December*, and
the plaintiff filed his replication the 4th of *January* last.
The plaintiff now presented a petition for leave to withdraw
the replication, to enable him to *except* to the answer, and
to *amend* his bill.

The petition was not sworn to: a copy of it, with notice
of the motion, was duly served on the solicitor of the de-
fendants.

An affidavit of the plaintiff's solicitor, made since the
service of the notice of the motion, a copy of which had
not been served on the defendants' solicitor, was produced,
stating, that the replication was filed through misapprehen-
sion, on the ground that the answer was sufficient, arising
from his perusal of an imperfect and incorrect draft of the
bill; and that he had since discovered that the bill filed
charged the matters which he supposed were omitted, and
which were not fully answered.

The affidavit of the defendants' solicitor stated, that the
answer filed was a full answer to the bill; that since the
[ * 426 ]　*cause was at issue, no step had been taken by the plaintiff;
and that, on the 21st of *March*, he entered rules to produce
witnesses, and to show cause against publication.

*Burr*, for the plaintiff, contended, that the bill on file was
full; that the only amendment desired was matter of form,
and did not require a further answer. That the answer put
in was defective, in not showing how the amount of the
legacies, acknowledged to have been received, had been dis-
posed of, or were now invested. That this motion was a

matter of course, on payment of the costs of the rule to produce witnesses.  He cited 1 *Harr. Ch. Pr.* 302.   3 *Atk.* 565. 579.   *Pract. Reg.* 202.

*Riggs,* contra, insisted that there ought to have been an affidavit of the truth of the matters stated in the petition; that the petition did not state any mistake or inadvertence in filing the replication, nor wherein the answer was defective; and that a replication ought not to be withdrawn for the mere purpose of excepting to an answer.  He cited *Cooper's Eq. Pl.* 328.   1 *Harr. Ch. Pr.* 426.   3 *Atk.* 565. *Wyatt's Pr. Reg.* 376.

THE CHANCELLOR.   The petition states two objects of the motion for leave to withdraw the replication; the one is, to except to the answer; the other, to amend the bill.

*April* 9th

As to the first object; the plaintiff does not state, in his petition, wherein the answer is defective, nor why the defects, if any, were not discovered before.   It is now upwards of three months since the replication was filed.   There is, indeed, an affidavit presented on making the motion, but that affidavit was not served on the opposite solicitor, and if notice of the motion was requisite at all, (which is not disputed,) a copy of the affidavit on which it was founded ought equally to have been served.   The affidavit is, therefore, not regularly before me on this motion; *and even if it were, the reason therein assigned for the motion is not sufficient. The plaintiff's solicitor says, he filed the replication through misapprehension, inasmuch as he mistook an incorrect draft of the bill for the corrected copy on file, and that the answer, though good as to the former, is not as to the latter.   But this affidavit does not disclose wherein, or to what extent, the answer is insufficient, nor when the variation between the draft of the bill, and the one on file, was discovered, nor in what that variation consists.   The excuse itself is feeble and imperfect.   The solicitor to the bill compares the answer with some defective draft of his own bill, and now comes, three months after the cause is put at issue, with such a plea of negligence, and with all this want of precision and regularity in bringing forward the motion, for leave to file exceptions to the answer.   This would be granting an unreasonable indulgence, and one leading to vexation and delay in the prosecution of a suit.   It was said, by Lord *Hardwicke,* in *Pott* v. *Reynolds,* (3 *Atk.* 565.) that the Court rarely grants leave to withdraw the replication, unless there be some special cause shown to induce the Court to grant this indul· gence; and the books say, that as the replication admits the

[ * 427 ]

1817.

BROWN
v.
RICKETTS.

sufficiency of the answer, it is not usual for the Court to allow the plaintiff to withdraw it, for *the purpose of excepting to the answer.* (*Wyatt's P. R.* 202. *Cooper's Eq. Pl.* 328.) The reasons for such an application should be clearly stated, and be of sufficient import, and the *laches* of the plaintiff fully accounted for. The rules of the Court allow only three weeks to except to the answer. The policy of the rule is to make the party vigilant, and oblige him to look early and well to the answer. If the object of the motion was only to set down the cause for hearing, on bill and answer, I presume that it would be much, of course, according to the late case of *Cowdell* v. *Tatlock,* (3 *Vesey & Beame,* 19.)

[ * 428 ]

*The other object of the present motion is to amend the bill. The petition states, that the bill is materially defective; but the affidavit of the plaintiff's solicitor states, that the bill fully charges the matters which he, at first, thought had been omitted, and the same solicitor now states, in support of his motion, that the bill is full, and that the only amendment desired is one of mere form, and requiring no further answer. It will readily be perceived, that this is not sufficient ground for withdrawing a replication several months after it has been filed. To withdraw the replication for the purpose of amending the bill, the plaintiff must show the materiality of the amendments, and why the matter to be introduced by the amendment was not stated before, otherwise the rules of the Court to prevent vexatious delays of the plaintiff would be nugatory. (*Longman* v. *Calliford,* 3 *Anst.* 807.)

The motion is, accordingly, denied, with costs.