1820.

THORN<br>v.<br>GERMAND.

Order accordingly.

---

## THORN and another *against* GERMAND.

Before the plaintiff, *after* replication, will be allowed to amend his bill, he must obtain leave to withdraw his replication; and the materiality of the amendment, and the reason why it was not stated before, must be satisfactorily shown to the Court.

But if a witness has been examined, the pleadings cannot be altered or amended, unless under very special circumstances, or in consequence of some subsequent event, except merely for the purpose of adding parties.

The proper course, when the plaintiff cannot amend his bill, is to apply for leave to file a supplemental bill.

MOTION to amend the bill, by adding new and material charges, after issue joined, a rule to produce witnesses, a commission to take testimony sued out, and one witness examined. The petition stated, that after issue joined, and while the solicitor for the plaintiffs was preparing to take testimony, the matter proposed to be introduced by way of amendment, was discovered. The affidavit, as to the above facts, was sworn to by the solicitor for the plaintiffs.

*March 2d.*

To oppose the motion, an affidavit of *G. B.*, a third person, was produced, stating, that before the filing of the bill, he communicated to one of the plaintiffs, the material fact proposed by way of amendment, viz. the entry of a judgment in the Supreme Court.

*J. Tallmadge*, jun. for the motion.

*P. Ruggles*, contra.

The Chancellor. The application should have been for leave to withdraw the replication, for the purpose of amending the bill. No amendment can be allowed, going to the merits, while the replication remains. (1 *Atk.* 51. 1 *Ves.* jun. 142. *Newland's Pr.* 82.) And if that had been the motion, the materiality of the amendment, and why the matter was not stated before, must have been shown, and satisfactorily explained. (*Brown* v. *Ricketts*, 2 *Johns. Ch. Rep.* 425. *Turner* v. *Chalwin*, cited in 1 *Fowler's Ex. Pr.* 113.)

In this case, it is proved, on the part of the defendants, and it is not denied by the plaintiffs, that they, or one of them, knew the existence of the matter now sought to be introduced into their bill, before the filing of the bill. It is, therefore, not new matter, that is to be added by way of amendment, but matter before resting in the knowledge of the party.

There is another fatal objection to the motion. Here has been a witness already examined in the cause. If no witness had been examined, an amendment, otherwise proper, and when the omission was duly accounted for, might have been permitted, for it has been permitted after publication. (*Hastings* v. *Gregory*, cited in *Mitf. Pl.* 258. and 1 *Fowler's Ex. Pr.* 111.) But after the examination of witnesses, the pleadings cannot be altered or amended, except under very special circumstances, or in consequence of

some subsequent event, unless it be for the sole purpose of adding parties. This is the established rule of practice on the subject. (*Mitf. Pl.* 258, 259.) The only course for the plaintiff, in these cases, when he cannot have permission to alter his original bill by amendment, is to apply for leave to file a supplemental bill. (*Shephard* v. *Merril*, 3 *Johns. Ch. Rep.* 423.)

Motion denied with costs.