KIRBY and Wife *against* THOMPSON and others.

A *second* amendment of a bill was refused, after an *answer* by one defendant, and a *plea* by another, who was a *surety*, and the plea allowed, and the bill, as to him, dismissed, and a motion for a re-hearing granted, and, after *eighteen* months had elapsed, since the first amendment, and no evidence of any new information since acquired, but the *second* amendment being substantially the same as the first, though more directly charging the defendants with fraud.

MOTION for leave to amend the bill, by introducing *April 6th*, material averments, charging the defendant, *Thompson*, as principal, with fraud, in procuring a release from the plaintiff, and charging the defendant, *Taylor*, who is sued as surety for the defendant, *Thompson*, with being privy to the fraud.

The *answer* of the defendant, *Thompson*, was filed on the 1st of *August*, 1820, and a replication was filed the 29th of *September*, 1821, and a rule to produce witnesses entered by the defendant on the same day. The *plea* of the defendant, *Taylor*, was filed on the 22d of *August*, 1820, and set down for hearing; and after the plea was so set down for hearing, but before replication was filed to the answer, the plaintiffs, on the 3d day of *November*, 1820, moved for leave to amend their bill, which was granted, and the amendment prayed for, concerned the same matter, in substance, now sought to be introduced, though not with the same direct averment of fraud, respecting the release. The cause was again set down for argument, upon the plea, in *May* term, 1821, and argued, and the plea allowed, and the bill, as to the defendant, *Taylor*, ordered to be dismissed, and a rehearing was, afterwards, in *November* term, 1821, applied for and granted; and the cause remained open for rehearing.

*W. A. Duer*, for the motion.

*Henry*, contra.

THE CHANCELLOR. The plaintiffs do not state any sa-
tisfactory reason why the matter to be introduced by the
amendments was not stated before. An amendment to the
bill was granted eighteen months ago, and six months be-
fore the plea was argued. The merits of the plea have
been argued and decided upon, and the rehearing was
granted for the sake of a review of the pleadings, *as they
stood*. It is believed, there is no case that allows an
amendment to the bill, under such circumstances, and at
so late a stage of the cause. The Court, says Lord
*Eldon*, (3 *Vesey & Beam.* 147.) very rarely allows a re-
amendment of an amended bill. The plaintiffs do not
state any material information received since the former
application to amend, and that omission is deemed fatal.
The practice of the *English* Exchequer is settled against such
an indulgence, after so much delay, without good cause
shown for the delay ; and that Court requires not only that
the amendments should be material, but that the circumstan-
ces should have come to the knowledge of the plaintiffs *sub-
sequent* to the time of filing the replication. (*Milward* v.
*Oldfield*, 4 *Price*, 325. and *Turner* v. *Chalwin*, 1 *Fow-
ler's Ex. Pr.* 112.) The same doctrine was declared by
this Court, in *Brown* v. *Ricketts*, and in *Thorn* v. *Germand*,
(2 *Johns. Ch. Rep.* 425. 4 *Johns. Ch. Rep.* 363.) The
bill cannot, in any case, in the *English* Chancery, be
amended, after the cause has been set down for hearing
upon the plea, without the payment not only of the 20*s.*,
but of the full costs of £5. (*Dickens*, 358. 1 *Vesey*, jr.
447.) The case of a demurrer is quite analogous ; and
there, after a demurrer to the whole bill, allowed upon ar-
gument, it is deemed irregular to amend, and the cause is
out of Court. (2 *P. Wms.* 300. and *Notes. Dickens*,

67.) This is the regular course, though the Court may, in its discretion, " set the cause on foot again." (6 *Vesey,* 778, 779. 11 *Vesey,* 72. *Cooper's Tr.* 115.)

Here has been great delay, and an amendment once granted, and the cause heard on the plea, and a decree made upon the merits of that plea, and a rehearing applied for, without any suggestion of a defect in the bill; and here is a case in which the amendment is to charge a surety, and no evidence whatever that any new information has been acquired since the plea and the answer were filed. The motion must be denied, with costs.