### WESTON *vs.* WORDEN. ·

Where a plaintiff declared in slander for words charging him with malpractice
as a physician, he was permitted after the cause was twice noticed for trial,
to amend by adding words of the same character, on payment of the costs,
of a new plea or notice of justification, should the same become necessary,
and also on payment of the costs of the motion ; but he was not allowed to
amend by adding words charging him with being a quack or practising with-
out a diploma, as there was a probability that the latter words were barred
by the statute of limitations.

March, 1839.    MOTION by plaintiff for leave to amend declaration after the
cause had been twice noticed for trial. The action is *slander*
for charging plaintiff with mal-practice as a physician. The
defendant pleaded the general issue, and gave notice of special
matter in justification. The plaintiff asks leave to insert other
words, imputing mal-practice, and also charging the plaintiff
with being a quack, or practicing as a physician without a
diploma.

*J. Rhoades,* for the motion.

*J. L. Wendell,* contra.

*By the Court,* BRONSON, J.  So far as relates to other
words of the same character, or imputing the same offence
with those already contained in the declaration, the plaintiff
may amend on payment of the costs of opposing this motion.

and the costs of the plea and notice, if the defendant chooses to answer anew. 12 Wendell, 228. 9 id. 430. *The cause of action is the same,* and the only effect of the amendment may be to relieve the plaintiff against the consequences of a variance.

But we cannot allow him to amend by inserting a new cause of action, where, as in this case, the statute of limitations has probably run. . The amendment must not, therefore, extend to such words as charge the plaintiff with being a quack, or practising without a diploma.