ELBRIDGE CLARK *v.* FIRST CONGREGATIONAL SOCIETY IN KEENE.

After a hearing in equity on bill answer and proofs, the court may, in its discretion, allow the plaintiff to amend his bill; and where the object is to cure some defect in the original structure of the bill by adding other parties, or stating what ought to have been stated before, and not to introduce matter arising since the suit, the amendment may be made in the ordinary way, or by a supplemental bill, if that appear to be more convenient and just to the parties.

If, in this stage of the proceeding, a new case is sought to be introduced, the court will exercise its discretion very cautiously, and, in proper cases, will, as terms of amendment, impose conditions in furtherance of justice, other than the payment of costs.

THIS is a bill in equity, the substance of which is stated in the same case, reported in 45 N. H. 331; all other facts are sufficiently stated in the opinion of the court.

*Lane*, and *Burke & Wait*, for plaintiff.

*Faulkner* and *Cushing*, for defendant.

BELLOWS, J. This is an application for leave to amend a bill in equity after the cause has come to issue and a verdict had been rendered upon issues awarded and a final hearing had.

The case made by the bill is, in substance, that a contract of sale was made between the plaintiff and the defendant society, by which the plaintiff bargained to sell to the defendant a strip of land on the northerly end of the society's meeting house lot, three and a half feet wide, and extending easterly from the centre of said lot fifteen feet, and also the plaintiff's reversionary interest in said meeting house lot; and the society agreed to pay therefor the sum of $200.00, and give to the plaintiff the right to maintain an enclosed, instead of an open, portico, on the seven feet strip of land east of said lot; but that, by fraud, accident, or mistake, the deed which was made to convey the land so bargained was made to include another strip of land on the northerly end of said lot, three feet in width, and extending fifteen feet next easterly

of the aforesaid three and a half feet strip; and also another strip of seven feet wide, on the easterly side of said lot; and alleging, also, that this deed was executed by the plaintiff, and left with the attorney who made it, but not delivered; that afterwards plaintiff discovered that said two strips of land were so included, and thereupon forbid the delivery of the deed, but it was nevertheless delivered and recorded.

The proof, as shown by the findings of the jury, establishes the fact that the strip of land on the northerly end of the lot was included in the contract of sale, and that the deed was delivered, but that the strip of land on the easterly side of the lot was *not* embraced in the contract, but was included in the deed by fraud, accident or mistake.

The plaintiff now proposes to amend his bill by alleging that the agreement included the land at the northerly end of the lot, and that the deed was delivered, and thus make it conform to the findings of the jury.

To this the defendant objects, upon the ground that the cause has passed the stage where such amendments can properly be made, and also because such amendment sets up a contract which has been always denied by both parties in their pleadings and testimony.

By the English practice, and in many of the American States, after publication has passed and a cause is set down for a hearing, and especially after it is heard, amendments which change the substantial character of the bill and make a new case will not ordinarily be allowed, although the court will suffer new parties to be added at any time when it is found to be necessary even on the hearing. 1 Daniel Ch. Pl. 478; Story Eq. Pl. sec. 886–7; *Walden* v. *Bodley*, 14 Peters 160; *Shephard* v. *Merrill*, 3 Johns Ch. 423; *Goodwin* v. *Goodwin*, 3 Atk. 370.

In such cases, however, the plaintiff will be allowed to supply a substantial defect by a supplemental bill, even after a hearing, unless it appears that he has been guilty of laches in not perfecting his bill at an earlier stage of the cause. See the authorities before cited, and *Jones* v. *Jones*, 3 Atk. 110; Story Eq. Pl. sec. 335.

The supplemental bill, where it is designed to remedy some defect in the structure of the original bill, by stating matter that ought to have been stated before, or by bringing in a party that ought to have been made a party before, is in truth but another form of amending the original bill, after it has passed the stage where amendments were ordinarily made in the usual mode. See *Chase* v. *Searles*, Hillsborough Co. December, 1864, 45 N. H. 511; Story's Eq. Pl. sec. 332–3; 3 Daniel Ch. Pr. 1653; *Gillet* v. *Hall*, 13 Conn. 426, 434, where it is laid down that a supplemental bill, when properly allowed and filed, is in addition to the original bill, and becomes a part of it. The whole is to be taken as one amended bill. It is laid down by Lord Redesdale in his treatise, p. 62, that "wherever the same end may be obtained by amendment, the court will not permit a supplemental bill to be filed." So, in *Tappan* v. *Evans*, 12 N. H. 330, it is said that the supplemental bill is in the nature of an amendment. 3 Daniel Ch. Pr. 1656.

It seems to be quite clear, then, that in a case where the supplemen-

tal bill merely states matter that ought to have been stated before, it has substantially the effect of an amendment made at a proper stage in the cause, and therefore the fact that the cause has been heard does not necessarily deprive the plaintiff of the right to amend in some form, if the case be otherwise a proper one.

It is quite apparent, also, that, in New Hampshire, the distinction in the mode of making amendments has not been much regarded, and in cases where the amendments are merely to remedy some defect in the original structure of the bill, there does not seem to be much occasion for the distinction.

In *Tilton* v. *Tilton*, 9 N. H. 394, where the variance was substantial, the plaintiff, after hearing, was permitted to correct his bill by amendment or other proceeding.

In *Bellows* v. *Stone & al.*, 14 N. H. 175, the bill stated that a certain certificate secured by a mortgage was pledged to the defendants to indemnify them against their liabilities for the plaintiff. The answer alleged that it was pledged also for all debts then due from the plaintiff; and, upon a hearing upon bill, answer and proofs, it was decided that the answer was sustained, but the plaintiff was allowed to amend his bill upon giving bond to pay the rent of the mortgaged property, and the payment of costs.

In *Dow* v. *Jewell*, 18 N. H. 340, 359, after a hearing, the plaintiff was permitted to bring in a new party by a supplemental bill, and to allege whatever was necessary respecting their interests. The court say the cause seems not to be in a proper stage for amendment, if the matter can be reached in any other mode; saying that "no amendment is generally allowable if the parties are at issue upon the points of the original bill, and witnesses have been examined," except in relation to new parties. In *Doe* v. *Doe*, 37 N. H. 268, an amendment stating a different consideration for a conveyance of land was allowed after hearing, and also to bring in new parties, the court saying that new parties may be brought in by a supplemental bill, though the most usual mode of adding new parties is by way of amendment.

The applications for amendments of bills in equity are addressed to the sound discretion of the court, whether it be in the ordinary mode, or by means of a supplemental bill, which can only be filed upon leave of court. *Tappan* v. *Evans*, 12 N. H. 330. If the cause has come to a hearing, and the amendment asked for is not merely formal but substantially makes a new case, this discretion will be cautiously exercised; but if a proper case be presented for an amendment in any form, and it is designed merely to remedy some defect in the bill by stating what ought to have been stated before, and not to introduce matter arising since the suit was brought, the court, we think, may, in its discretion, allow the bill to be amended in the ordinary way, or require it to be done by a supplemental bill, if that shall be deemed more convenient and just to the parties. There are many cases where amendments in form, and even in substance, can require no new answer or proofs, and where the interest of both parties would be best promoted by an amendment in the ordinary way; and in such cases, at least, we conceive it

would be in accordance with the course of the court in this State to allow the amendment in that form upon such terms as might seem to be reasonable.

Here, according to the plaintiff's case as set out in the bill, the contract of sale did not include the strips of land upon the north and east sides of the meeting house, but they were both included in the deed by fraud, accident or mistake, and the deed was not delivered. Issues were made upon each of these points, and the jury find that the strip on the north *was* included in the agreement, and the other not, and that the deed was delivered.

Under these circumstances, we think that an amendment in some form, and upon some terms, may properly be allowed. After the findings of the jury we cannot say that there is no reasonable ground for supposing that the case made by the amendment may not be sustained by the proofs. The verdict of the jury is, at least, as satisfactory as would be the affidavit of the party which is often required in such cases.

It is true the plaintiff's bill, as originally drawn, and, as is said, his testimony, is altogether inconsistent with this amendment, and so is the defendant's answer; and still we think that with the verdict of the jury in view, the plaintiff ought not to be precluded from setting up the case stated in the amendment. The fact that neither party have set up such a contract as the jury have found, does not necessarily show that the findings were wrong. It may well be said that both are mistaken in their views of the agreement.

In respect to the terms on which such an amendment should be allowed, the court has power to require the payment of costs, or to impose upon the plaintiff other conditions. In *Bellows* v. *Stone & al.*, before cited, which was a bill in equity to redeem mortgaged lands, the plaintiff, the mortgagor, being still in possession, he was allowed to amend, on payment of costs and giving bond to pay rent, unless he should redeem. See, also, *Bowen* v. *Idley*, 6 Paige Ch. Rep. 53–4.

Under the circumstances of this case, after a verdict upon the issues awarded, we are of the opinion, that, as terms for the amendment, the plaintiff shall convey to the defendant the right to use and occupy so much of said seven feet strip of land on the easterly side of said meeting house lot as is now used and occupied by said society's church edifice, including what is covered or overhung by said edifice, its ornaments and projections, the same to be used and occupied so long as the present edifice shall stand and no longer, and for no other purpose, and in no other manner, than as it is now used or occupied, provided the defendant shall at the same time first reconvey to the plaintiff all the title acquired by it to said seven feet strip, by the deed of plaintiff to defendant of December 29, 1859, being the deed now in question, not affecting, however, the privileges and easements in said strip of land acquired by the defendant, by the deed of A. & A. Wilder, mentioned in the bill in equity.

Should this be carried out, and the consideration paid, it would be a virtual termination of the controversy, and we are of the opinion that the bill should then be dismissed without costs to either party.

The circumstances of this case are peculiar, and such as to justify the imposition of conditions which ordinarily would not be imposed; without those conditions the allowance of the amendment might arm the plaintiff with a power over the society, that might be oppressively used, and in a way that we could not contemplate without pain, especially as we perceive no evidence of bad faith in setting up for the society the contract contained in the deed, and when, also, we consider that, under the deed of A. & A. Wilder, the plaintiff could himself make no valuable use of that portion of the seven feet strip of land now occupied by this church edifice.