## Case No. 11,644.

### REED et al. v. COWLEY.

[1 N. B. R. 516 (Quarto, 137); 1 1 Am. Law T. Rep. Bankr. 79.]

District Court, N. D. New York. 1868.

BANKRUPTCY — AMENDMENTS TO PETITION — WHEN ALLOWED.

The district court has power to allow amendments in petitions and proceedings in bankruptcy; but amendments that would introduce into the petition entirely new acts of bankruptcy will be disallowed.

[This was a proceeding in bankruptcy by Reed and others against Frederick C. Cowley and William L. Hoblitzell. Heard on motion to amend creditor's petition.]

HALL, District Judge. This case was commenced by the filing of the creditor's petition of the 3d day of June, 1867. At that time the general orders and forms promulgated by the justices of the supreme court could not be obtained; and the petition, as is shown by affidavit, was necessarily drawn without any reference to the forms or general orders applicable to such cases. The order to show cause was returnable on the 24th day of July, 1867, but the hearing was, by stipulation, adjourned from time to time, until the 23d day of October thereafter, when, after a partial hearing, an order was made continuing the case until the 13th of November, and giving permission to the petitioners to apply on that day for leave to file an amended petition, upon ten days' notice of such application being served, with copy of the proposed amendments. Further adjournments were made by stipulation, and it was not until the 24th instant that the motion for leave to file the amended petition was made and argued. I do not doubt that this court has power to allow amendments in bankruptcy petitions and proceedings, and that in allowing such amendments it should be governed by substantially the same principles as those which govern the allowance of amendments in similar cases in other courts; and such, I understand, has been the practice of the English and American courts in bankruptcy cases. Judiciary Acts 1789, § 32 (1 Stat. 91); Ex parte Thwaites, 13 Ves. 324; In re Blackburn, 1 De Gex, 332; James, Bankr. Law, 279; Ex parte Cheesewright, 1 Rose, 228; In re Frisbee [Case No. 5,130]. But the bankrupt acts having been considered as penal in their character, so far as proceedings against the bankrupt are concerned, the strict rules which apply in actions for penalties and forfeitures have been rigorously adhered to; and it is obvious that in respect to the amendment of sworn petitions there should be no relaxation of the strict rules which prevail in courts of equity in cases where leave to amend a sworn bill or sworn answer is applied for.

All courts require special reasons for the

———————————————————

1 [Reprinted from 1 N. B. R. 516 (Quarto, 137), by permission.]

allowance of amendments in sworn petitions, or in other pleadings which are required to be verified by the oath of the party; and where the object is to introduce new facts, or change essentially the grounds of the prosecution or defence, they are properly disinclined to allow such amendments except for very special reasons, and in cases where they are clearly required in furtherance of justice, and are applied for without unreasonable delay. Smith v. Babcock [Case No. 13,008]; Thorn v. Germand, 4 Johns. Ch. 363; Western Reserve Bank v. Stryker, 1 Clarke, Ch. 380; Steele v. Sowerby, 6 Durn. & E. [6 Term R.] 171; Cross v. Kaye, Id. 663; Swift v. Eckford, 6 Paige, 22; Lloyd v. Brewster, 4 Paige, 537; Maddock v. Hammett, 7 Durn. & E. [7 Term R.] 55; The Harmony [Case No. 6,081]; Story, Eq. Pl. § 896. Such amendments in common law pleadings not verified, are frequently, if not generally, refused. Goddard v. Perkins, 9 N. H. 488. And as a general rule, it should be satisfactorily shown that the allegations to be added are probably if not certainly true; that they are material to the merits of the controversy; that the party has not been guilty of gross negligence: and that the mistakes to be corrected or the new facts to be alleged, have been ascertained since the original petition or pleading was sworn to, and that application to amend has been made without unnecessary delay. Caster v. Wood [Case No. 2,505]; Calloway v. Dobson [Id. 2,325]; Mills v. Campbell, 2 Younge & C. Exch. 398; Lovett v. Cowman, 6 Hill, 223, 227; Story, Eq. Pl. § 896. Less stringent rules would encourage carelessness and indifference in drawing and verifying such papers, and would open the door to the introduction of testimony manufactured for the occasion. Courts are, therefore, disinclined to allow, except under very special circumstances, amendments which change the ground of prosecution or defence, and especially when the statute of limitations has run. Western Reserve Bank v. Stryker, 1 Clarke, Ch. 380, and other cases above cited; The John Jay [Case No. 7,352]; Shield v. Barrow, 17 How. [58 U. S.] 130; Smead v. McCord, 12 How. [53 U. S.] 467; Story, Eq. Pl. § 896; Williams v. Cooper, 1 Hill, 637; Weston v. Worden, 19 Wend. 648. But amendments in respect to a cause of action or defence already imperfectly set forth, are allowed with much greater liberality. Saltus v. Bayard, 12 Wend. 228; Miller v. Watson, 6 Wend. 506. And they will even be allowed to prevent a successful plea of the statute of limitations. Tobias v. Harland, 1 Wend. 93; The Adeline, 9 Cranch [13 U. S.] 244. Courts are also disinclined to allow amendments for the purpose of aiding in a hard or unconscionable action or defense, and in suits for penalties and forfeitures; and the defence of usury and the statute of limitations have generally been looked upon with disfavor on applications for amendment. In penal actions, or forfeiture cases, and in actions for slanderous words, amendments introducing an entirely new cause of action have been refused, as in some cases above cited. And the English courts regard the bankrupt act as highly penal in its consequences (Ex parte Cheesewright, 1 Rose, 229); but as equality among creditors is equity, and the general policy of the bankrupt act is to secure this equity, and as it is quite evident that opposition to the petition in this case is made in the interest of creditors who have secured a preference, I should not be inclined to refuse an amendment solely upon the ground that bankruptcy proceedings are penal in their character. Nor, on the other hand, should I regard the objection that the petition was not filed in six months after the alleged act of bankruptcy as an unconscionable defence. The presentation of the petition within the six months is a condition precedent to the creditors' right to proceed. The omission need not be pleaded, or otherwise specially set up by answer to the petition; and this case, like all others involving a question of judicial discretion, must be determined upon the peculiar facts of the case. Nevertheless, the discretion to be exercised, being a judicial and not an arbitrary discretion, I have endeavored to ascertain the general principles which have governed courts in analogous cases, and shall seek to decide this motion in accordance with such principles.

With this purpose in view, I shall proceed to consider very briefly the particular facts in this case. The merely formal defects in the petition are sufficiently accounted for and excused. The more material amendments desired are four in number. The first of these is rather a continuation and extension of the allegations of the facts and incidents upon which the allegations of the act of bankruptcy last alleged in the original petition were founded; and though not an amendment in form merely, it can hardly be said to be analogous to a case in which it is sought to change entirely the ground of action or defence; and, as the provisions of the bankrupt act had not become familiar to the profession, and the practice under it was entirely unknown when the original petition was filed, I deem it proper to allow this amendment. The amendments of mere formal defects and the amendment just alluded to, will be allowed upon the payment by the petitioners of thirty-five dollars costs. The other amendments proposed are of a different character. They would introduce into the petition entirely new acts of bankruptcy, and they are founded upon facts not stated or referred to in the original petition, and the acts of bankruptcy alleged are stated to have been committed more than six months prior to the application for the order allowing these petitioners to apply for leave to amend their petition.

For these reasons these amendments ought not, I think, to be allowed. But there is an additional objection to the allowance of these

amendments, which is entitled to much weight. The first of the acts of bankruptcy is alleged to have been committed on the second of March last, the second on the 11th day of the same month, and the third at divers times between the 2d day of March and the day of filing the original petition; and no reason is given why these acts were not embraced in the original petition. It is not shown that the petitioners and their attorney were not advised of the facts on which these allegations are based at the time the original petition was prepared, nor is it shown that the allegations now sought to be introduced were omitted to be inserted in the original petition from inadvertence, mistake, or other reason which might excuse such omission. This, and that the application to amend was made within a reasonable time after the necessity of the amendment was discovered, should have been shown. The amendments which seek to introduce allegations of the acts of bankruptcy last referred to, will not be allowed.